UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEXTER L. DAVIS** | **CIV. ACTION NO. 3:24-01746** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a motion for leave to file second amended complaint [doc. # 29] filed by Plaintiff pro se Dexter L. Davis. The motion is opposed. For reasons assigned below, the motion is GRANTED.[1]

### Background

On December 13, 2024, Dexter L. Davis ("Plaintiff") filed the instant Complaint for Damages and Injunctive Relief ("Complaint") against Thomas Vilsack, the Secretary of the United State Department of Agriculture, asserting claims for "systemic and systematic discrimination" in violation of the Fifth Amendment to the United States Constitution, the Equal Credit Opportunities Act, 15 U.S.C. § 1691, the Administrative Procedure Act, 5 U.S.C. §§ 551, et seq; and "Title IV" of the Civil Rights Act of 1964. (Complaint, Preamble). On March 21, 2025, Plaintiff filed an Amended Complaint for Damages and Injunctive Relief ("Amend.

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any objection/appeal must be made to the district judge in accordance with Rule 72(a).

Compl.), which constitutes the operative pleading in the matter. (Amend. Compl. [doc. # 6]).

On September 16, 2025, after delays to perfect service and at least two extensions of time to file responsive pleadings, Brooke L. Rollins, the current[2] Secretary of the U.S. Department of Agriculture ("Defendant"), filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [doc. # 26].

On October 7, 2025, Plaintiff filed his opposition to the motion to dismiss, as well as the instant motion for leave to file his Second Amended Complaint for Damages and Injunctive Relief ("SAC") to add the National Administrator of the DFAP program as a Defendant in its official capacity, to clarify existing claims, and to add allegations of procedural unfairness, arbitrary decision-making, and disparate treatment. (Pl. M/Leave to Amend. [doc. # 29]).

Following a stay of the case during the government shutdown, *see* doc. #s 30-37, Defendant filed her opposition to Plaintiff's motion for leave to amend on December 31, 2025. (Def. Opp. Brief [doc. # 38]). In her response, Defendant argued that Plaintiff's SAC only seeks to add a party defendant and does not present any new substantive factual allegations to support his claim for damages. *Id*. Since the proposed SAC purportedly does not plead any additional claims or information to defeat the pending motion to dismiss, Defendant urged the Court to deny Plaintiff leave to amend until after the Court ruled on Defendant's pending motion to dismiss. *Id*.

On January 13, 2026, Plaintiff filed a reply brief in support of his motion for leave to

---

[2] By rule, Rollins automatically was substituted as a party for the former U.S. Secretary of Agriculture, Thomas Vilsack, when she assumed office. *See* FED. R. CIV. P. 25(D).

amend his complaint, disputing Defendant's characterization of the effect of the proposed SAC. (Pl. Reply Brief [doc. # 39]). Plaintiff explained that the proposed SAC includes additional factual allegations, corrects deficiencies identified by the motion to dismiss, clarifies claims and legal theories, and tailors his allegations to address the deficiencies raised by Defendant. *Id*. Plaintiff emphasized that granting leave to amend now avoids unnecessary rulings on a superseded complaint, prevents duplicative briefing, and streamlines issues for the court. *Id*.

The matter is ripe.

## Law

Leave to amend shall be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2). "'Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . .'" *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the

3

amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

## Discussion

Defendant opposes the amendment principally because it purportedly fails to redress the grounds urged by Defendant in support of her motion to dismiss, i.e., the proposed amendment is futile.[3] Defendant's argument notwithstanding, a court ordinarily should not dismiss a claim without first "granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded *repeated* opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (emphasis added) (citation omitted) (discussing particularity requirement for fraud); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (remanding case to district court to afford plaintiff a *second* opportunity to plead a cognizable case).

Indeed, generally, "a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). Furthermore,

> [u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and *an opportunity to amend the complaint before the motion is ruled upon*. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal

---

[3] The Fifth Circuit has stated that, in the context of Rule 15, an amendment is futile if it "would fail to state a claim for relief upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

> grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989) (emphasis added).

Certainly, if, as argued here, Plaintiff is able to amend his complaint to allege sufficient facts to state a claim for relief, then he should be permitted the opportunity to do so. Moreover, as Plaintiff noted, "[a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim." (FED. R. CIV. P. 15 advisory committee's note to 2009 amendments). "A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits." (6 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1474 (3rd ed.)).

Upon consideration, the Court finds that it is in the interest of justice to allow Plaintiff to file his proposed SAC in an attempt to rebut one or more of the grounds for dismissal advanced by Defendant in her pending Rule 12(b)(1) & (6) motion. As a pro se litigant, Plaintiff should be accorded that opportunity. *Bazrowx*, 136 F.3d at 1054.[4]

---

[4] Another division of this Court has remarked that

> unless it is readily apparent that a proposed amendment is patently futile, the better course is to allow the filing of the amended complaint and take up its merits on a motion to dismiss (or motion for summary judgment). That procedure allows for a more complete briefing process that is focused solely on the merits.

*House of Raeford Farms of Louisiana, LLC v. Poole*, Civ. Action No. 19-0271, 2020 WL 3052226, at *4 (W.D. La. June 8, 2020). Ultimately, there may be good reasons why Plaintiff is unable to state a viable claim for relief against his proposed new party, the National Administrator of the Discrimination Financial Assistance Program. For now, however, Defendant has neither argued, nor established same.

## **Conclusion**

For the above-stated reasons,

IT IS ORDERED that Plaintiff's motion for leave of court to file his SAC [doc. # 29] is GRANTED.

In Chambers, at Monroe, Louisiana, on this 22nd day of January, 2026.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE