**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**DEXTER L DAVIS**                                    **CASE NO.  3:24-CV-01746**

**VERSUS**                                           **JUDGE TERRY A. DOUGHTY**

**THOMAS VILSACK**                                   **MAG. JUDGE KAYLA D.**
                                                     **MCCLUSKY**

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. No. 78] filed by Defendant, Brooke L. Rollins ("Secretary Rollins"), Secretary of the United States Department of Agriculture ("USDA" or"Defendant"). *Pro se* Plaintiff, Dexter Davis ("Davis"), filed a response [Doc. No. 83]. No reply was filed.

For the following reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

Davis, an African American farmer, has received farm loans through the Farm Service Agency ("FSA") since 1984 and has extensive experience filing grievances against the USDA[1]. Davis filed this suit on December 13, 2024, against Rollins in her official capacity as Secretary for the USDA.[2] His complaint alleged that Defendant discriminated against him based on race, in violation of the Fifth Amendment to the United States Constitution, the Equal Credit Opportunities Act ("ECOA"), the

---

[1] As listed in Defendant's Motion, Complaint #951113-20; Complaint #1151802; Complaint # 08-0815; Complaint #12-5519; Complaint #2020-12- 00012196; and Complaint #2024-10-00015010.

[2] The original defendant in the suit was Thomas Vilsack ("Vilsack"); however, Vilsack was terminated and Rollins was substituted on May 14, 2026, to reflect the current Secretary of the USDA.

Page **1** of **18**

Administrative Procedure Act ("APA"), and "Title IV" of the Civil Rights Act of 1964.[3] On March 21, 2025, Davis filed an amended complaint for damages and injunctive relief, listing the USDA as a Defendant and adding the National Administrator of the USDA Discrimination Financial Assistance Program ("DFAP") as a Defendant.[4] Because the amended complaint did not name Secretary Thomas Vilsack (now Secretary Rollins), in his official capacity as Secretary of the USDA, Secretary Rollins was incorrectly identified as a party. Accordingly, the Court will analyze the claims as asserted against the USDA alone. The facts alleged in the amended complaint are as follows.

The FSA Customer Profile indicates that Davis last filed an application with the FSA on April 4, 2000.[5] On June 14, 2000, David obtained a loan of $209,809.82, of which $187,286 remains outstanding.[6] Davis's last payment on that loan was January 1, 2025.[7]

Sometime in 2019, and to obtain further loans for the 2020 crop year, Commercial Capital Bank instructed Davis to request a non-disturbance agreement from the FSA due to "[Davis's] position at the time of the requests."[8] A non-disturbance agreement, as described in the notice of closure letter, is "a legal

---

[3] [Doc. No. 1, p. 14]. The Court believes Plaintiff had a typographical error and construes the "Title IV" allegation under Title VI.

[4] [Doc. No. 41, p. 2, ¶ 6]. Because the USDA contends that DFAP is a "non-government contractor that is not herein represented by undersigned counsel," and because DFAP has not enrolled in this action, the Court does not address any claims against DFAP.

[5] [Doc. No. 78-2, p.1].

[6] [Id.].

[7] [Id.]; [Doc. No. 78-3].

[8] [Doc. No. 41, ¶¶ 8–10].

document in which one party assumes all liability of another party in a specific case."[9] Davis requested FSA officials to sign the agreement, essentially releasing him of all financial obligations to Defendant. The request was not agreed upon as "nothing contained in the FSA loan regulations indicate any FSA official has the authority to issue such a document to an FSA borrower."[10]

On or about December 27, 2019, Davis filed a complaint with the Office of the Assistant Secretary for Civil Rights ("OASCR"), arising out of claims that the FSA racially discriminated against him in denying his request for "a hold harmless or non-disturbance request to carry out his 2020 farm operation."[11] OASCR accepted the complaint on May 4, 2020, and transmitted it for potential resolution.[12] OASCR formally addressed and disposed of Davis's administrative complaints of discrimination.[13] Despite not obtaining a non-disturbance agreement, Commercial Capital Bank approved Davis for a crop loan on January 7, 2020.[14]

On January 13, 2024, Davis submitted an application for relief under the DFAP program.[15] At the beginning of the document, it cautioned that "[i]t is critical that you provide the list of required documents for your Application to be considered; certain documents, if not provided, may disqualify you from participating in this program."[16] In Step 4, Part A of the application, the application states: "You are

---

[9] [Doc. No. 41-1, p. 5].
[10] [Id. at ¶ 11].
[11] [Doc. No. 41, ¶¶ 7,8]; [Doc. No. 78-7, p. 21].
[12] [Doc. No. 41-1, p. 5].
[13] [Doc. No. 78-6, pp. 1–5].
[14] [Doc. No. 78-5].
[15] [Doc. No. 78-7].
[16] [Id. at p. 2].

required to provide documentation in response to this request. If not provided, and this information is unable to be verified, you may be disqualified from participating in this program."[17] Defendant alleges that Davis failed to include required identifying information and documentation such as his address, driver's license, utility bill issued in the past 60 days, showing name and current address, proof of Social Security Number or Individual Taxpayer Identification Number, documents relating to his deeds, and documentation supporting his claim that he was denied a loan/loans based on discrimination despite instructions that he "**must**" provide such.[18] Davis included some information in certain steps, but did not provide supporting documentation.[19] He also acknowledged that although some information was missing, the requested details were "available and well-known to the agency."[20] This grievance was not considered because of the insufficient information.

The parties briefed all relevant issues, and the matter is ripe.

## II.    Law and Analysis

Davis claims that he is entitled to relief pursuant to the following: 42 U.S.C. § 2000(d); Civil Rights Act Title VI; Fifth Amendment; the APA; and the ECOA.[21] The Court will first examine Davis's APA claim and Title VI claim under Rule 12(b)(1). Subsequently, the Court will analyze Davis's constitutional claim under Rule 12(b)(6). Lastly, the Court will analyze Davis's ECOA claims under Rule 56.

### A.    Rule 12(b)(1)

---

[17] [Id. at p. 41].
[18] [Id. at p. 5].
[19] [Id.].
[20] [Doc. No. 41, ¶¶ 63, 64].
[21] [Doc. No. 41, p. 16].

When subject matter jurisdiction is challenged by a Rule 12(b)(1) motion, the burden of establishing the federal court's jurisdiction falls on the party asserting the jurisdiction—in this case, Davis. *See Wittman v. Personhuballah*, 578 U.S. 539, 545 (2016). Federal district courts have the unique power to make factual findings that are decisive of subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A district court has the power to dismiss for lack of subject matter jurisdiction—and thus for lack of standing—on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain the plaintiff cannot provide any set of facts in support of their claims that would entitle the plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### 1.    APA

Davis asserts an APA claim against Defendant and DFAP, claiming that § 706 of the APA was violated because the DFAP application denial was "unlawful and arbitrary."[22] Davis requests money damages of not less than $5,000,000.[23] In seeking dismissal, Defendant argues that Davis is seeking money damages and that the

---

[22] [Id. at p. 16].
[23] [Id.].

United States has only waived its sovereign immunity under the APA for suits seeking non-monetary relief.[24] Davis is silent as to this assertion in his opposition.

Section 702 of the APA, however, provides in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

Section 706(2)(A) of the APA, under which Davis claims relief, provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

*Id.* § 706(2)(A) (citation modified).

Thus, Section 702, in conjunction with 706 of the APA, contains a waiver of sovereign immunity applicable to any claim "seeking relief other than money damages." 5 U.S.C. § 702; *see Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1105 (D.C. Cir. 2022) ("Via the APA, the Congress has provided a limited

---

[24] [Doc. No. 78-1, p. 11].

waiver of sovereign immunity for claims against the United States 'seeking relief other than money damages[.]'" (quoting 5 U.S.C. § 702)).

Here, Davis seeks monetary damages to compensate for the harm he allegedly suffered as a result of the Defendant's denial of his DFAP application and requests an award of $5,000,000.[25] *In King v. U.S. Dept. Of Veterans Affs.*, the Fifth Circuit affirmed the district court's dismissal of the plaintiff's APA claim because the complaint exclusively sought money damages. 728 F.3d 410, 416 (5th Cir. 2013). This is precisely what Davis seeks here, as he claims $5,000,000 in damages. Davis cannot do so.

Thus, the Court finds that dismissal as to his APA claim for monetary damages against Defendant under Rule 12(b)(1) is appropriate.

Defendant does not address Davis's request for declaratory relief under the APA in that Defendant's actions were unlawful and arbitrary.[26] Accordingly, because Davis seeks nonmonetary relief, sovereign immunity does not bar that claim. Therefore, Davis's claim for declaratory relief under the APA remains pending.

### 2.    42 U.S.C § 2000(d)

Davis makes a claim against the DFAP and Defendant, alleging that the DFAP's denial was motivated by discriminatory animus and retaliation for prior protected activity. He claims this violates 42 U.S.C. § 2000(d), Title VI of the Civil Rights Act.[27]

---

[25] [Doc. No. 41, pp. 9, 16].
[26] [Id. at p. 16].
[27] [Doc. No. 41, ¶ 46].

Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Title VI does not apply to a discrimination claim arising from a program directly conducted by a federal financial agency. *See Brown v. U.S. Postal Inspection Serv.*, No. H-14-1756, 2014 WL 7072021 at *2 (S.D. Tex. Dec. 12, 2014); *Williams v. Glickman*, 936 F. Supp. 1, 6 (D.D.C.1996) (holding that Title VI does not permit suits involving directly administered federal programs); *Soberal–Perez v. Heckler*, 717 F.2d 36, 38 (2d Cir. 1983) (Title VI "was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.")

Davis has not demonstrated that the United States, through Defendant, has consented to be sued under Title VI. So, to the extent Davis asserts a claim against Defendant under Title VI, such claim is denied and dismissed for lack of jurisdiction.

### B.    Rule 12(b)(6)

Additionally, the Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, inter alia, when it contains a "short and plain statement" that shows "that the pleader is entitled to relief" they seek. *Id.* 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A claim is facially plausible when it contains sufficient factual content for a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility only requires enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although courts must accept as true all factual allegations in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010). "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013). Moreover, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon a "meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

When considering a motion to dismiss, courts are generally limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Courts may, however, rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," including public records. *Id.*; *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir.

Page **9** of **18**

2007). Furthermore, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

It is unclear which constitutional claims Davis asserts against Defendant in his amended complaint. On its face, the amended complaint appears to assert only a Fifth Amendment claim against DFAP.[28] However, in response to the Motion, Davis argues that Defendant's "absence of technical assistance, coupled with OASCR's dismissal of Plaintiff's civil rights complaint, deprived [him] of procedural due process."[29] To afford Davis the benefit of the doubt, the Court will analyze his procedural due process claim against Defendant. Even so, the claim is dismissed for failure to state a claim under Rule 12(b)(6) for the reasons below.

The touchstone of a due process claim is the deprivation of a life, liberty, or property interest. *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") According to the Supreme Court, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

---

[28] [Id. at ¶ 45].
[29] [Doc. No. 83, p. 4].

It remains unclear what specific due process protections Davis contends he was entitled to receive. Davis appears to assert that his due process rights were violated by the absence of technical assistance and the denial of his application, which, in his view, deprived him of a protected property interest because he was afforded no opportunity to appeal the denial. This argument is unavailing. First, Davis did not suffer a deprivation of any protected property interest due to his denial, as he ultimately obtained the loan he sought and thus sustained no harm or damage from any alleged violation.

Second, as to denying the application with no alleged appeal, other courts have held that there is no property interest in the right to a hearing. *See, e.g.*, *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000) (citing *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992)) (rejecting the plaintiff's argument that he had "a property interest in the procedures themselves, and that by failing swiftly to execute its procedures the Township has deprived him of that property right without due process"); *see also Allen v. Mecham*, No. 05-1007, 2006 WL 2714926, at *3 (D.D.C. Sept. 22, 2006) ("While it is certainly true that AOUSC cannot deprive the Plaintiff of property without a 'fair hearing,' neither that hearing itself nor the right to a hearing can constitute protected property. . . . [A] number of courts have explicitly rejected Plaintiff's circular argument that procedures may constitute property subject to due process protection.") (collecting cases).

Thus, to the extent Davis asserts a Fifth Amendment claim against Defendant, his claim is denied under Rule 12(b)(6).

### C.     Rule 56

Defendant filed an alternative motion for summary judgment. Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

As an initial matter, the Court will consider and treat part of the motion to dismiss as a motion for summary judgment under Rule 56, since matters outside the pleadings have been presented to and not excluded by the court. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990). "Rule 12(b) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988). "[W]henever a motion to dismiss is converted into a motion for summary judgment, the non-movant is entitled to the 'procedural safeguards of Rule 56.'" *Id.* at 195.

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words,

"the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Davis seemingly makes a claim against DFAP for denying his civil rights complaint, in violation of the ECOA. As for Defendant, however, Davis asserts that the FSA discriminated against him based on race in connection with his request for a hold harmless or non-disturbance agreement. The Court will only examine the claim against Defendant.

The ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a).

The statute authorizes the recovery of actual damages from creditors, including the federal government, *see id.* §§ 1691a(e)–(f), 1691e(a), and a court "may grant such equitable and declaratory relief as is necessary to enforce [the ECOA]," as well as "reasonable attorney's fees" to applicants bringing a "successful action." *Id.* § 1691e(c)–(d). Claims under the ECOA must be filed within five years of the "date of the occurrence of the violation." *Id.* § 1691e(f). "To state a claim for relief under the ECOA, the plaintiff must plausibly show that he was discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705–06 (5th Cir. 2017) (citing 15 U.S.C. §§ 1691(a), 1691a(b), 1691a(e), 1691e(a)).

"[T]he ECOA does not prohibit discrimination with respect to mortgages purchased on the secondary market; the Act only applies to originating lenders in the primary market." *Id.* at 706. If the plaintiff successfully demonstrates a *prima facie* case, the defendant must "respond by producing a legitimate, nondiscriminatory rationale for its decision." *Curley*, 2007 WL 1343793, at *5. If the defendant satisfies its burden, the plaintiff must "raise a genuine issue of material fact as to whether the [defendant's] proffered reason was merely a pretext for discrimination." *Id.* (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

As Defendant points out, and because Davis has failed to present any evidence creating a dispute as to this fact, the FSA profile indicates that Davis's last application for an FSA loan was submitted in 2001.[30] Thus, he cannot be considered an applicant because no actual application was ever submitted. Nor does Davis appear to dispute this in any of his filings. Instead, he submits a blank non-disturbance agreement, which does nothing to refute the fact that no application was ever submitted or properly completed.[31] Moreover, although the amended complaint is not entirely clear, it appears that, despite never having submitted an application to the FSA, Davis filed a complaint with OASCR alleging discrimination for the failure to provide a non-disturbance agreement.[32] Even assuming that Davis has established a *prima facie* case and submitted a proper application, Defendant has met its burden of producing evidence demonstrating a legitimate, nondiscriminatory reason for not agreeing to Davis's request for a hold-harmless agreement. As Defendant contends, and as the notice of closure letter shows, the non-disturbance agreement was not agreed to because no "FSA official has the authority to issue such a document to an FSA borrower or to a commercial entity on behalf of an FSA borrower."[33] Davis has presented no evidence creating a genuine issue of fact to dispute this reason. In fact, Davis merely asserts a conclusory opinion of law, "discriminatory and retaliatory conduct."[34] Neither legal conclusions nor statements

---

[30] [Doc. No. 78-2].
[31] [Doc. No. 41-1, p. 2].
[32] [Id. at p. 5].
[33] [Doc. No. 78-6, p. 1].
[34] [Doc. No. 83, p. 5].

made without personal knowledge are capable of being so presented. *See* FED. R. EVID. 602, 701, 702.

In any event, although Davis's discrimination claim aligns more closely with a disparate treatment theory than a disparate impact theory (because he ultimately received the loan he sought), it, too, fails to state a claim. To establish a *prima facie* case of disparate treatment under the ECOA, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) that he applied for and was qualified for a loan; (3) despite his qualifications, plaintiff's loan application was denied; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff. *Phoenix v. Wells Fargo Bank, N.A.*, No. 16-75, 2016 WL 7379001, at *2 (M.D. La. Dec. 20, 2016) (citing *Dixon v. Toyota Motor Credit Corp.*, No. 12-2150, 2013 WL 3776577, at *4 (E.D. La. July 17, 2013)). To make out a disparate treatment claim under the ECOA, a plaintiff must articulate facts which, if taken as true, would demonstrate that actions were taken against him as a result of race. *Jones v. Caliber Home Loans, Inc.*, No. 18-1023, 2019 WL 3366104, at *5 (M. D. La. July 25, 2019). "There can be no liability without a finding that the protected trait (e.g., race) motivated the challenged action." *Id.*

Davis fails on elements two through four. Again, there is no dispute that Davis failed to submit an application to Defendant. Even if he did, Davis cannot prove element four. Much of Davis's amended complaint includes general and conclusory allegations that Defendant engaged in racial discrimination or disparate treatment. Nevertheless, Davis appears to support his claims by relying on evidence of alleged

disparate treatment and discrimination from Defendant's prior years.[35] However, as this Court has recognized in Davis's prior lawsuits against Defendant, evidence of past settlements neither creates a genuine dispute of material fact that Davis was subjected to discrimination nor supports a finding of disparate treatment in this case. *See Davis v. Vilsack*, No. 14-3320, 2015 WL 5012838 (W.D. La. Aug. 21, 2015).[36] To accept Davis's arguments, the Court would have to presume that because Defendant and/or the FSA settled claims of discrimination in the 1990s, it follows that Davis is a victim of discrimination in 2019 and 2024. The Court cannot make that leap based on events of almost thirty years ago. Next, Davis supports his contention by presenting records of subordination agreements involving other individuals.[37] First, these agreements are not the same ones Davis sought; and second, he fails to demonstrate that the other individuals share any similar qualifications, such as existing liens. And to reiterate, Davis ultimately received the loan he originally sought and therefore suffered no cognizable harm. Accordingly, Davis's claims under the ECOA against Defendant are dismissed.

To conclude, Davis's APA and Title VI claims are dismissed, in part, pursuant to Rule 12(b)(1). Davis's Fifth Amendment claim is dismissed pursuant to Rule 12(b)(6), and his ECOA claims are dismissed under Rule 56.

### III. Conclusion

---

[35] [Doc. No. 41, pp. 12–13].

[36] Indeed, the mere fact that the FSA or USDA previously settled with Davis does not constitute evidence that he was the victim of discrimination. Settlements may be reached for numerous reasons and do not, standing alone, constitute an admission of fault, liability, or discriminatory conduct.

[37] [Doc. No. 41-1, pp. 7–11].

For all these reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Defendant USDA's Motion to Dismiss or Alternatively, Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion as to Davis's APA claims seeking monetary relief is **GRANTED**, and such claim is **DISMISSED WITHOUT PREJUDICE**. To the extent Davis seeks non-monetary relief, that claim remains pending.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion is **GRANTED** as to Davis's Title VI claim, and such claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion as to Davis's constitutional claim is **GRANTED**, and this claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion as to Davis's ECOA claims is **GRANTED**, and Davis's claims are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 24th day of July 2026

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE